IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FOREST A. EUBANK                                                                             PLAINTIFF

v.                                                                    CAUSE NO. 1:11CV306-LG-RHW

CAMBRIDGE GALAHER SETTLEMENT
INSURANCE SERVICES, INC., and
JODI CARLISIMO                                                                             DEFENDANTS

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte* for the purpose of determining whether this Court has jurisdiction over this lawsuit.  Upon reviewing the record in this matter and the applicable law, the Court finds that it does not have jurisdiction over this lawsuit.  As a result, this lawsuit is dismissed without prejudice.

### DISCUSSION

Forest A. Eubank filed this *pro se* lawsuit against Cambridge Galaher Settlement Insurance Services, Inc., and Jodi Carlisimo.  The lawsuit arises out of the handling of Eubank's workers' compensation claim.  On April 11, 2000, Eubank suffered serious injuries in a car accident while he was working as a sales agent for Combined Insurance Company of America.  (Compl., Ex. 3, ECF No. 1-2).  It appears that Cambridge was the claims administrator for Eubank's workers' compensation claim, and Carlisimo is an employee of Cambridge.  The insurance carrier was Continental Casualty Company.  (*Id.*)  Eubank has sent copies of the Amended Complaint, Summonses, and Motions for Default Judgment to Cambridge

and Carlisimo via certified mail, but neither defendant has made an appearance in this lawsuit.  (Summonses, ECF Nos. 5, 6).

Eubank asserts the following claims against Cambridge and Carlisimo – actual fraud and "deceit with intentional tort."  (*Id.* at 5).  He claims that they utilized an incorrect social security number and date of birth when calculating the benefits to which he was entitled.  (*Id.*)  Therefore, it appears that Eubank's claims are premised on his belief that he was entitled to additional benefits under the Workers' Compensation Act, and that he did not receive sufficient benefits as a result of intentional torts allegedly committed by Cambridge and Carlisimo.  In his Complaint and Amended Complaint, Eubankdid not assert that he had exhausted his administrative remedies before the Workers' Compensation Commission.

On December 5, 2011, this Court entered an Order to Show Cause [12] requiring Eubank to produce information to the Court by December 19, 2011, regarding whether he exhausted his administrative remedies with the Workers' Compensation Commission prior to filing the present lawsuit.  The Court later entered an Order [23] granting Eubank an extension until January 18, 2012, to respond to the Order.  Although Eubank filed several pleadings and motions after entry of the Order to Show Cause, he did not produce any information from his workers' compensation case that would enable the Court to determine whether he exhausted his administrative remedies.  On January 25, 2012, the Court entered a Final Order to Show Cause that warned Eubank that failure to provide information or evidence from which the Court could determine whether he has exhausted his

-2-

remedies would result in dismissal of this lawsuit.  The Court also encouraged Eubank to retain an attorney to represent him in this matter and assist him in responding to the Court's Orders.  Eubank filed a Motion for Continuation of Complaint [25] in which he stated that his requests to exhaust his administrative remedies were ignored by the defendants.  He also stated that he had consulted with an attorney, who told him that no workers' compensation administrative remedies exist.  Since Eubank had not provided any information to the Court regarding the status of his workers' compensation claim, the Court contacted the Workers' Compensation Commission and was informed that Eubank's claim for workers' compensation benefits is still pending before the Commission.

    A claimant is required to exhaust his remedies before filing an intentional tort against an insurance carrier or claims administrator, since claims for workers' compensation benefits are within the exclusive original jurisdiction of the Mississippi Workers' Compensation Commission.  Miss. Code Ann. §71-3-9; *Whitehead v. Zurich Amer. Ins. Co.*, 348 F.3d 478, 482 (5th Cir. 2003); *Blackstock v. Sedgwick Claims Mgmt.*, No. 4:09CV26-SA-DAS, 2009 WL 2754761 at *2 (N.D. Miss. Aug. 26, 2009).  Since Eubank's workers' compensation claim is still pending, he must seek relief from the Workers' Compensation Commission before seeking relief in this Court.  This Court does not have jurisdiction to make a determination regarding whether Eubank is entitled to additional benefits or whether incorrect information was utilized during the processing of his claim.  Therefore, this lawsuit must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this lawsuit is hereby **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
